IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION



EOD
10/11/2017

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **DELL EDWARD JAMES, II** | § | |
| xxx-xx-0176 | § | Case No. 16-40752 |
| **and MIKI LU JAMES** | § | |
| xxx-xx-3609 | § | |
| | § | |
| | § | |
| Debtors | § | Chapter 7 |

| | | |
|---|---|---|
| STATE BAR OF TEXAS | § | |
| | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| | § | Adversary No. 16-4076 |
| v. | § | |
| | § | |
| DELL EDWARD JAMES, II | § | |
| and MIKI LU JAMES | § | |
| | § | |
| Defendants | § | |

## **MEMORANDUM OF DECISION**

ON THIS DATE the Court considered the Motion for Summary Judgment filed by the Plaintiff, the State Bar of Texas ("Plaintiff"), in the above-referenced adversary proceeding and the responses in opposition to the Motion filed by the Defendants, Dell Edward James II and Miki Lu James ("Defendants" or "Debtors"), respectively, in the above-entitled adversary proceeding. The complaint in this action alleges that a judgment debt based upon certain attorneys' fee awards allegedly owed to the Plaintiff by the

Defendants should be excepted from the Defendants' Chapter 7 discharge pursuant to 11 U.S.C. § 523(a)(7). The following memorandum of decision disposes of all issues before the Court.[1]

*Summary Judgment Standards and Process*

Pursuant to Fed. R. Bankr. P. 7056, summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[2] The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion, identifying those portions of the "pleadings, depositions, answers to interrogatories, and affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact.[3] The manner in which the necessary summary judgment showing can be made depends upon which party will bear the burden of persuasion at trial. If, as in this case, the burden of persuasion at trial is on the moving party, "that party must support its motion with credible evidence--using any of the materials specified

---

[1] This Court has authority to enter a final judgment in this adversary proceeding since it statutorily constitutes a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(I) and (O) and meets all constitutional standards for the proper exercise of full judicial power by this Court.

[2] *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986) (quoting FED. R. CIV. P. 56(c)).

[3] *Id.* at 323.

in Rule 56(c)--that would entitle it to a directed verdict if not controverted at trial."[4] If a summary judgment motion is properly supported, a party opposing the motion may not merely rest upon the contents of its pleadings, but rather must demonstrate in specific responsive pleadings the existence of specific facts constituting a genuine issue of material fact for which a trial is necessary.[5] In so demonstrating, the non-movant must show more than a "mere disagreement" between the parties,[6] or that there is merely "some metaphysical doubt as to the material facts."[7] Neither are unsubstantiated, conclusory assertions in the response sufficient to raise a genuine issue of material fact.[8] However, "[t]he issue of material fact which must be present in order to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."[9]

---

[4] *Id.* at 331 (Brennan, J., dissenting); *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264–65 (5th Cir. 1991).

[5] *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49 (1986) (citing FED. R. CIV. P. 56(e)).

[6] *Calpetco 1981 v. Marshall Exploration, Inc.*, 989 F.2d 1408, 1413 (5th Cir. 1993).

[7] *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

[8] *Jacobs v. City of Port Neches,* 7 F.Supp.2d 829, 833 (E.D. Tex. 1998) (citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).

[9] *Anderson*, 477 U.S. at 248-49.

The record presented is reviewed in the light most favorable to the non-moving party.[10] "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"[11] Further, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson,* 477 U.S. at 248.

The Defendants have admitted the following material facts asserted by the Plaintiff:

1. Plaintiff State Bar of Texas is a governmental unit in that it is an agency of the State of Texas administered by the Supreme Court of Texas.[12]

2. The Defendants are individuals and debtors in their underlying bankruptcy case.

3. Defendant Dell Edward James II has been disbarred and is not licensed to practice law as an attorney in the State of Texas.

---

[10] *Matsushita,* 475 U.S. at 587.

[11] *Id.* at 587 (citing *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289 (1968)).

[12] The authority to regulate the practice of law in Texas belongs exclusively to the Texas Supreme Court. *In re Dow*, 481 S.W.3d 215, 224 (Tex. 2015). As described in one recent Texas case,

> The [Texas Supreme] Court has the constitutional and statutory responsibility to maintain appropriate standards of professional conduct and to dispose of individual cases of lawyer discipline. The Supreme Court has delegated the responsibility for administering and supervising lawyer discipline and disability to the Board of Directors of the State Bar of Texas. The Board is vested with authority to adopt rules of procedure and administration consistent with the Texas Rules of Disciplinary Procedure. *Id.* The Commission for Lawyer Discipline (the Commission) is a permanent committee of the State Bar of Texas. Each attorney admitted to practice in Texas is subject to the disciplinary and disability jurisdiction of the Supreme Court and the Commission. Likewise, each attorney is subject to the Texas Rules of Disciplinary Procedure and the Texas Disciplinary Rules of Professional Conduct.

*Crampton v. Comm'n for Lawyer Discipline*, 2016 WL 7230396, at *3 (Tex. App.—El Paso, Dec. 14, 2016, no pet.) (citations omitted).

4.  On or about November 2, 2004, the State Bar of Texas initiated disciplinary proceedings against Dell James II in cause no. 296-2974-04, styled *Commission for Lawyer Discipline v. Dell Edward James II*, in the 296th Judicial District Court of Collin County, Texas. [13]

5.  On September 28, 2005, the Hon. Jerry D. Ray, Presiding Judge by Appointment, issued a Judgment of Public Reprimand against Dell Edward James II.[14]

6.  On or about July 16, 2007, the State Bar of Texas initiated disciplinary proceedings against Dell James II in case no. D0120631179, styled *Commission for Lawyer Discipline v. Dell Edward James II* before an evidentiary panel of the District 6 Grievance Committee.

7.  On September 15, 2009, the Evidentiary Panel entered a Judgment of Disbarment against Dell Edward James II.[15]

8.  Defendants Dell Edward James II and Miki Lu James filed for relief under Chapter 7 on April 22, 2016. Mark A. Weisbart is the duly appointed Chapter 7 Trustee.

9.  The State Bar of Texas filed a proof of claim on June 14, 2006, listing $40,049.23, owed as a result of attorneys' fees and direct expenses to the State Bar of Texas pursuant to the two referenced judgments (including accrued interest).

10. Defendants Dell James II and Miki Lu James have listed the State Bar of Texas as a

---

[13] As the Texas Supreme Court has described it,

> The attorney disciplinary process is divided into two types of proceedings: the standard grievance procedure and the compulsory discipline procedure. The standard grievance procedure applies in all instances of alleged attorney misconduct, except where an attorney is alleged to have committed an "intentional crime." Under the standard grievance procedure, a grievance committee or district court determines violations and sanctions. The reviewing body may disbar the attorney under the standard grievance process, but also has the ability to assess a range of lesser sanctions, including various types of suspension and reprimand.

*In re Caballero*, 272 S.W.3d 595, 597 (Tex. 2008).

[14] *Judgment of Public Reprimand* issued September 28, 2005 [dkt #28] – appendix tab 4.

[15] *Judgment of Disbarment* issued September 15, 2009 [dkt #28] – appendix tab 5.

creditor relative to amounts owed in Cause No. 296-2974-04 and D0120631179.

The following additional material fact asserted by the Defendants[16] and supported by admissible evidence has not been controverted by any summary judgment evidence tendered by the Plaintiff and has therefore been "admitted to exist without controversy." E.D. TEX. LOCAL R. CV–56(c):

11. Dell Edward James II and Miki James were married on May 4, 2011.

In response to the Plaintiff's motion, the Defendants assert that the entry of summary judgment in favor of the Plaintiff is precluded against Mr. James and Ms. James, respectively, on different grounds.

*Cause of Action against Defendant Dell Edward James II*

Defendant Dell Edward James II contends that the two attorneys' fee awards entered against him as a result of the two disciplinary judgments cannot constitute a "fine, penalty, or forfeiture payable to or for the benefit of a governmental unit" that could be rendered nondischargeable under § 523(a)(7) of the Bankruptcy Code.[17] Mr. James does not contest the fact that the State Bar of Texas is a governmental unit. Nor does he contend that the two attorneys' fee awards assessed against him constituted

---

[16] *Affidavit of Dell James* [dkt #29] – appendix tab 1.

[17] "Section 523(a)(7) contains three criteria, each of which a creditor must establish to prevail. The debt must be (1) a fine, penalty, or forfeiture, subject to the qualifications that (2) it is payable to and for the benefit of a governmental unit; (3) and is not compensation for actual pecuniary loss." *In re Thompson*, 418 F.3d 362, 365 (3d Cir. 2005) (internal quotations omitted).

"compensation for an actual pecuniary loss" to the Plaintiff.[18] He instead relies upon the fact that an award of restitution or of attorneys' fees is designated under TEX. R. DISCIP. P. 1.06(Z)[19] as one of many "sanctions" that the disciplinary board can assess and that the precise term "fine" or "penalty" is not used to characterize its discretionary options.

Despite the fact that the terminology utilized in the Texas Rules of Disciplinary Procedure does not precisely match the language of § 523(a)(7), an overwhelming consensus in bankruptcy jurisprudence establishes that sanctions such as attorneys' fees and other cost assessments that arise in attorney disciplinary proceedings are properly viewed as penalties under that statute. *Disciplinary Bd. of the Supreme Court of Pa. v. Feingold (In re Feingold)*, 730 F.3d 1268, 1273 (11th Cir. 2013); *Richmond v. N.H.*

---

[18] Noting that an attorneys' fee award in a Texas attorney disciplinary procedure "is dependent on the nature of the attorney's misconduct and the need to protect the public," and that the State Bar of Texas, and specifically the Commission for Lawyer Discipline, is not dependent upon attorneys' fee reimbursements in order to perform its statutory duties, the purpose of such awards have been found to penal in nature and not "compensation for actual pecuniary loss." *Comm'n for Lawyer Discipline v. Tindall (In re Tindall),* 2009 WL 1231878, at *2 (Bankr. S.D. Tex., Apr. 29, 2009); *see also*, *Comm'n for Lawyer Discipline v. Neely (In re Neely),* 2008 WL 4547521, at *2 (Bankr. S.D. Tex., Oct. 10, 2008).

[19] Section 1.06(Z) lists eight (8) specific sanctions and then provides that:

The term Sanction" may include the following additional ancillary requirements.

> a. Restitution (which may include repayment to the Client Security Fund of the State Bar of any payments made by reason of Respondent's Professional Misconduct); and

> b. Payment of Reasonable Attorneys' Fees and all direct expenses associated with the proceedings.

TEX. RULES DISCIPLINARY P. R. 1.06(Z), *reprinted in* 3B TEX. GOVT. CODE ANN., tit. 2, subtitl G, app. A-1 (West Supp. 2016).

*Supreme Court Comm. on Prof'l Conduct*, 542 F.3d 913, 919-920 (1st Cir. 2008) and the numerous cases cited therein. Premised upon the rationale for restitution expressed in a criminal context in *Kelly v. Robinson*, 479 U.S. 36, 51-53 (1986), which held that § 523(a)(7) created "a broad exception for all penal sanctions" and that a criminal restitution order, though payable to the criminal victim, was sufficiently penal to warrant nondischargeability under § 523(a)(7), these cases recognize that attorney disciplinary proceedings are ultimately designed to protect the public. As one court described it,

> The imposition of sanctions and costs protects the public by restricting a lawyer's right to practice law when warranted. Monetary penalties imposed against the offender, whether part of an attorney disciplinary proceeding or a criminal proceeding, promote the state's penal and rehabilitative interests.

*Attorney Grievance Comm'n v. Smith (In re Smith)*, 317 B.R. 302, 309 (Bankr. D. Md. 2004). The penal nature of an attorneys' fees assessment in an attorney disciplinary proceeding is particularly compelling when, as in the Texas statute, the fee or cost assessment is discretionary rather than mandatory, and the authorized disciplinary body, in consideration of all of the circumstances, exercises its discretion to assess such fees in order to further the goals of deterrence and public protection. *Comm'n for Lawyer Discipline v. Tindall (In re Tindall),* 2009 WL 1231878, at *2 (Bankr. S.D. Tex., Apr. 29, 2009) ["The Texas Disciplinary Rules authorize trial courts to issue discretionary rather than mandatory awards of attorneys' fees and costs based on penal goals of punishment, deterrence, and protection of the public."]; *see also, Feingold*, 730 F.3d at 1274-75 ["By making the imposition of costs discretionary, the [state entity that enacts rules governing

attorney discipline] has permitted them to be used more like a sanction than like the civil litigation analogue of awarding costs to prevailing parties as a matter of course."]; and *WorldPeace v. Commission for Lawyer Discipline*, 183 S.W.3d 451, 459-60 (Tex. App.–Houston [14th Dist.] 2005, pet. denied) [appropriate disciplinary body has discretion to utilize restitution as an appropriate sanction under Texas law, even when professional misconduct does not involve misapplication of funds]. The initial *Judgment of Public Reprimand* issued by the 296th Judicial District Court expressly provided that

> IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any attorney's fees and expenses directly associated with these proceedings (sic) ordered herein are part of Respondent's sanction for the misconduct and result from regulation of Respondent's law license by the State Bar of Texas and the Supreme Court of Texas, through the Texas Disciplinary Rules of Professional Conduct.[20]

Further, the subsequent *Judgment of Disbarment* expressly requires Mr. James to have paid the attorneys' fees assessment as a condition precedent to any consideration of a request for reinstatement of his law license.[21] The imposition of this requirement is about more than recovery of costs. It directly relates to the proper governance of lawyers by the State of Texas, thereby ensuring that the public is protected from attorneys found to have committed professional misconduct and imposing conditions under which the State can evaluate the rehabilitation of a punished attorney who seeks reinstatement to his position of trust. The general availability of a discharge under the Bankruptcy Code is not

---

[20] *Judgment of Public Reprimand* – Plaintiff's Appendix Tab 4 at 2-3.

[21] *Judgment of Disbarment* — Plaintiff's Appendix Tab 5 at 6.

designed to interfere with the achievement of those penal and rehabilitative objectives.

Because the Texas attorney disciplinary system "exists to protect the public," *Comm'n for Lawyer Discipline v. Schaefer*, 364 S.W.3d 831, 835 n.1 (Tex. 2012), and because the attorneys' fees assessments against Mr. James were discretionarily invoked in the entry of each judgment against him in furtherance of that public protection role undergirding the attorney disciplinary system, the debts owed by Mr. James for attorneys' fees assessments arising from the two disciplinary judgments each constitute a "fine, penalty, or forfeiture" within the meaning of § 523(a)(7). Because the attorneys' fee assessments against Mr. James were also payable to and for the benefit of a governmental unit that did not constitute compensation for actual pecuniary loss, the Court concludes that the debts owed by Dell Edward James II arising from the attorneys' fees assessments made against him in the two referenced attorney disciplinary judgments are nondischargeable under § 523(a)(7).

*Cause of Action against Defendant Miki Lu James*

As for the § 523(a)(7) count against Miki Lu James, the summary judgment record fails in its entirety to establish any indebtedness that is even owed by Miki James to the Plaintiff, nor does it establish any ground for nondischargeability were such debt to exist. The summary judgment record establishes that the respective entry dates of the disciplinary judgments against Dell Edward James II predates his marriage to Miki Lu James. Additionally, the Plaintiff failed to tender any summary judgment evidence

**-10-**

regarding Ms. James in any respect. A plaintiff in this context must make a proper showing as against each individual debtor. There has been no showing of the existence of a debt owed by Ms. James. Further, even if she owed a liability, a debt which is nondischargeable against one spouse cannot be properly imputed to the other spouse based solely upon the existence of a marital relationship. *Tower Credit, Inc. v. Gauthier (In re Gauthier)*, 349 Fed. App'x. 943, 945 (5th Cir. 2009). Thus, in the light of the failure of the summary judgment evidence to establish Ms. James' culpability in any respect, the Plaintiff's Motion for Summary Judgment as against Debtor-Defendant, Miki Lu James, must be denied.

Accordingly, upon due consideration of the pleadings, the proper summary judgment evidence submitted by the parties, the material facts admitted to exist under Fed. R. Bankr. P. 56, the relevant legal authorities and for the reasons set forth herein, the Court concludes that, as to the Plaintiff's cause of action against Defendant Dell Edward James II, there is no genuine issue as to any material fact and that the Plaintiff is entitled to judgment against Defendant Dell Edward James, II as a matter of law. Thus, the Court concludes that the Plaintiff, the State Bar of Texas, is entitled to summary judgment that the debts owed to it by the Debtor-Defendant, Dell Edward James, II arising from the attorneys' fees awarded in the two referenced attorney disciplinary judgments should be declared nondischargeable under 11 U.S.C. §523(a)(7). The Court further concludes that the Plaintiff's motion for summary judgment against Debtor-Defendant, Miki Lu James, should be denied in all respects. An appropriate order will be entered which is consistent

with this opinion.

Signed on 10/11/2017

THE HONORABLE BILL PARKER
CHIEF UNITED STATES BANKRUPTCY JUDGE